# United States Court Of Appeals

## FOR THE EIGHTH CIRCUIT

————————————

No.  97-3679

————————————

James Hall,                            *
                                       *
         Plaintiff-Appellant,          *
                                       *          Appeal from the United States
     v.                                *          District Court for the Eastern
                                       *          District of Missouri
LHACO, Inc.,                           *
                                       *
         Defendant-Appellee.           *

————————————

Submitted:  March 9, 1998

Filed:  April 14, 1998

————————————

Before MCMILLIAN and FAGG, Circuit Judges, and BENNETT,[*] District Judge.

————————————

BENNETT, District Judge.

    Can a participant in a health benefit plan covered by the Employees Retirement

————————————

[*] The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa, sitting by designation.

1

Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, maintain an action for benefits and other equitable relief against a purported plan administrator who no longer has any connection with his ERISA plan? The appellant, a participant in an ERISA plan, asserts that the district court[1] improperly granted summary judgment to a purported plan administrator on the participant's action for benefits pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), because the court incorrectly held that such a claim could only be brought against the ERISA plan itself. The purported plan administrator, however, contends that the appellant simply sued the wrong party, because he did not sue the ERISA plan itself. The appellant also asserts that he could bring his claim for injunctive and other equitable relief pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), against the purported plan administrator, despite the district court's conclusion that he had no standing to pursue such a claim where the purported plan administrator no longer had any connection with the plan.

In addition to, or in conjunction with, these questions about whether the appellant can maintain the present lawsuit against the present defendant, the appellant contends that the district court erred in not ruling on his motion for class certification before it ruled on the appellee's motion for summary judgment. This error, the appellant asserts, was outcome determinative on the summary judgment motion, because many members of the class he seeks to represent would have been able to pursue the claims asserted.

We affirm.

## I. BACKGROUND

---

[1]The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri.

Plaintiff-appellant James Hall filed this lawsuit as a class action on October 29, 1996, against defendant-appellee LHACO, Inc. Hall brought this lawsuit on behalf of all individuals who are covered under contracts and plans subject to ERISA to which LHACO provided administrative services to challenge LHACO's alleged practice of asserting subrogation liens against covered individuals far in excess of what their plans permit. Count I of the complaint sought enforcement of the plan terms and payment of plan benefits pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). Count II asserted breach of fiduciary duty pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and sought equitable relief, including injunctive relief and an accounting. LHACO was the only defendant named in the action.

Although the nub of Hall's lawsuit is his contention that LHACO, the purported plan administrator of his ERISA benefit plan, improperly attempted to expand the ERISA plan's rights to subrogation beyond what was conferred by the terms of the plan by conditioning payment of benefits on a participant's signing of a form acknowledging subrogation rights in excess of those provided by the plan, the merits of that issue are not currently before us. Rather, we will address Hall's argument that the district court erred in granting summary judgment in favor of LHACO on essentially the ground that Hall had sued the wrong party and, if required, Hall's further argument that the district court erred by considering LHACO's motion for summary judgment before ruling on his own motion for class certification. Therefore, the universe of pertinent facts for this appeal is relatively small.

Hall participates in an ERISA-covered, self-funded health care plan called SSM Health Care System Flex Care Program ("the Plan"), which he alleges was administered by LHACO. LHACO protests on appeal that it was not the Plan

administrator, which LHACO asserts instead was SSM, according to Plan documents.  However, LHACO acknowledges that it or one of its successors provided "administrative services," specifically "claims administration," to the Plan until December 20, 1996.  Among other things, LHACO regularly reviewed claims against the Plan for evidence that a claim might be covered by other insurance or might be the result of an accident for which a third party could be liable.  When LHACO identified such a claim, it sent the participant a subrogation questionnaire and requested a signed "Certification Agreement" from the participant before the claim was processed.  Hall contends that this Certification Agreement improperly expanded the Plan's or LHACO's subrogation rights beyond the terms of the Plan.  In any event, in June of 1995, Hall's son suffered an accident and Hall submitted a claim.  Hall refused, however, to sign the Certification Agreement on advice of counsel.  LHACO therefore never paid Hall's claim.

Hall then filed the present lawsuit and, on February 10, 1997, moved for certification of the suit as a class action.  Shortly before Hall filed his motion for class certification, on February 4, 1997, LHACO moved to dismiss, or in the alternative, for summary judgment, asserting primarily that Hall had sued the wrong party, because he had not sued the Plan and LHACO was no longer associated with the Plan.

On September 10, 1997, the district court ruled on LHACO's motion, Hall's motion for class certification, and other pending motions. Because the court considered information contained in affidavits presented in support of LHACO's motion, it treated that motion as one for summary judgment.  The district court first characterized Hall's claim in Count I as a claim properly brought solely pursuant to § 502(a)(1)(B).  The district court noted that neither the Supreme Court nor the Eighth Circuit Court Appeals had specifically addressed the question of whether a plaintiff can bring a

4

§ 502(a)(1)(B) action against a plan administrator for equitable relief, but that courts to consider the question had held that the only proper party defendant on such a claim was the ERISA plan itself.  Because the district court characterized LHACO as the "plan administrator," the court found LHACO was not the proper party defendant on Hall's § 502(a)(1)(B) claim. Therefore, the district court granted LHACO's motion for summary judgment as to Count I.

As to Count II, which the district court characterized as a claim for breach of fiduciary duty seeking injunctive and "other appropriate equitable relief," the court first concluded, on the authority of *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and this court's decision in *Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002 (8th Cir. 1996), that Hall's claim pursuant to § 502(a)(3) was barred, except for the prayer for injunctive relief, because Hall was provided adequate relief through his right to sue SSM under § 502(a)(1)(B).  The district court found no reason this relief could not be sought against the Plan—such as termination of the Plan—and hence no reason a claim for this relief should be allowed against LHACO.  As to injunctive relief, the district court found that the uncontroverted evidence in the record was that LHACO had not provided any administrative services to the Plan since December 20, 1996.  Consequently, the district court concluded that Hall did not have standing to pursue a claim for injunctive relief against LHACO, because the claim was not likely to be redressed if the requested relief was granted.  Specifically, the district court found that enjoining LHACO "will have absolutely no effect on Plaintiff, who has had his SSM benefits administered by another company since December 20, 1996."  Order of September 10, 1997, p. 8.

Having concluded that Hall had sued the wrong party, or did not have standing to sue the party he had named, the court granted LHACO's motion for summary

5

judgment and denied as "moot" Hall's motion for class certification. This appeal followed.

## II. ANALYSIS

Although Hall contends first that the district court erred in ruling on LHACO's motion for summary judgment before ruling on his motion for class certification, and that this error was outcome determinative, we will consider first whether the district court's grant of summary judgment was tenable on the grounds the court stated. This court reviews *de novo* a decision to grant summary judgment. *Christopher v. Adam's Mark Hotels*, ___ F.3d ___, ___, 1998 WL 92202, *1 (8th Cir. Mar. 5, 1998); *Lane v. Amoco Corp.*, 133 F.3d 676, 677 (8th Cir. 1998). We view the record "'in the light most favorable to the non-moving party.'" *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998) (quoting *Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996)). Summary judgment is appropriate when the movant establishes "that there are no material facts in [genuine] dispute and that, as a matter of law, the movant is entitled to judgment." *Christopher*, ___ F.3d at ___, 1998 WL 92202 at *1 (quoting *Oldham v. West*, 47 F.3d 985, 988 (8th Cir. 1995)). Furthermore, "'we may affirm the district court's grant of summary judgment on any ground supported by the record.'" *Tyus v. Schoemehl*, 93 F.3d 449, 453 n.6 (8th Cir. 1996) (quoting *White v. Moulder*, 30 F.3d 80, 82 (8th Cir. 1996), *cert. denied*, 513 U.S. 1084 (1995)), *cert. denied*, ___ U.S. ___, 117 S. Ct. 1427 (1997). Thus, we may affirm even if our reasoning is different from the district court's. *Duffy v. Wolle*, 123 F.3d 1026, 1035 n.6 (8th Cir. 1997), *petition for cert. filed*, (Jan. 27, 1998) (No. 97-1371); *Yowell v. Combs*, 89 F.3d 542, 544 n.4 (8th Cir. 1996).

### A.  The § 502(a)(1)(B) Claim

#### 1.  Claims against "plan administrators"

Hall correctly states that there is a split in authority concerning whether a party other than the ERISA plan itself is the only proper party defendant on a claim pursuant to ERISA § 502(a)(1)(B).  *Compare Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) ("It is true that ERISA permits suits to recover benefits only against the plan as an entity[.]"); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) ("'ERISA permits suits to recover benefits only against the Plan as an entity . . . ,'" quoting *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985) (*per curiam*), and citing 29 U.S.C. § 1132(d)(2), and holding on this authority that a suit for benefits against an employee of the ERISA plan, in her official capacity, could not be maintained); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (also quoting *Gelardi*, 761 F.2d at 1324); *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 417 (9th Cir. 1990) (also quoting *Gelardi*, 761 F.2d at 1324-25); *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1287 (9th Cir. 1990) (also quoting *Gelardi*, 761 F.2d at 1324-25), *cert. denied*, 498 U.S. 1087 (1991); *with Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); *Mitchell v. Eastman Kodak Co.*, 113 F.3d at 433 (3d Cir. 1997) (entertaining a suit against the plan administrator to recover benefits pursuant to § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)); *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (noting that ERISA permits suits to recover benefits against the plan as an entity and against the fiduciary of the plan, and finding that a plan administrator is such a fiduciary); *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1471 (9th Cir. 1993) ("The beneficiary of an ERISA plan may bring a civil action

7

against a plan administrator 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,'" quoting 29 U.S.C. § 1132(a)(2)); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) (stating that the proper party defendant in an ERISA action concerning benefits is the party that "is shown to control administration of a plan"), *cert. denied*, 488 U.S. 826 (1988). He asserts further that another panel of this court recently resolved on which side of the split this court stands, and it was not on the side the district court chose.

On January 5, 1998, after the appeal in this case had been perfected, this court held that the proper party against whom a claim for ERISA benefits may be brought "'is the party that controls administration of the plan,'" not the plan participant's employer. *See Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998) (quoting the decision of the Eleventh Circuit Court of Appeals in *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997), and also citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988), *cert. denied*, 488 U.S. 826 (1988)). Applying this standard, this court held in *Layes* that summary judgment in favor of the participant's employer was proper, because the plan's insurer, also named as a defendant, "was at all relevant times the sole administrator of the long-term disability plan offered by [the employer]." *Layes*, 132 F.3d at 1249. In light of *Layes*, the district court's decision in this case to grant summary judgment to LHACO on Hall's § 502(a)(1)(B) claim on the ground that LHACO was the Plan administrator, not the Plan itself, is no longer tenable.

Furthermore, although LHACO asserts on appeal that it was not the Plan administrator, just an entity providing "administrative services" to the Plan, and that SSM is named in Plan documents as the Plan administrator, our review of the record

shows that there is a dispute as to whether LHACO was in fact the plan administrator. We acknowledge that "administrator" is defined for ERISA purposes as (i) the person specifically designated as the administrator by the terms of the plan instrument; (ii) if the instrument does not designate an administrator, the plan sponsor; or (iii) if no administrator is designated and a plan sponsor cannot be identified, a person prescribed by the Secretary in regulations. 29 U.S.C. § 1002(16)(A). However, a few years ago, the Seventh Circuit Court of Appeals noticed a split in the circuit courts of appeals as to whether some party other than the one designated in the plan instrument can be a "*de facto*" administrator of the plan. *See Jones v. UOP*, 16 F.3d 141, 145 (7th Cir. 1994). That court found,

> The First Circuit, and possibly the Fifth and Eleventh, are willing to deem nonadministrators "de facto" plan administrators; the other circuits (except the Third and the Eighth, which have not been heard from on this issue) are not. Compare *Law v. Ernst & Young*, 956 F.2d 364, 373-74 (1st Cir. 1992); *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990), and *Rosen v. TRW, Inc.*, 979 F.2d 191 (11th Cir. 1992), with *Anweiler v. American Electric Power Service Corp.*, 3 F.3d 986, 994 and n.5 (7th Cir. 1993); *Lee v. Burkhart*, 991 F.2d 1004, 1010 n.5 (2d Cir. 1993); *McKinsey v. Sentry Ins.*, 986 F.2d 401, 403-05 (10th Cir. 1993); *Coleman v. Nationwide Life Ins. Co.*, [969 F.2d 54, 62 (4th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993)]; *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617-18 (6th Cir. 1992); *Moran v. Aetna Life Ins. Co.*, [872 F.2d 296, 298-99 (9th Cir. 1989)]; *Davis v. Liberty Mutual Ins. Co.*, 871 F.2d 1134, 1138 (D.C. Cir. 1989).

*Jones*, 16 F.3d at 144-45. Since *Jones*, the Eleventh Circuit Court of Appeals has adhered to the decisions in *Rosen* to the extent of considering whether a party other

9

than the administrator designated in plan documents could be a "*de facto*" plan administrator, and finding the evidence inadequate to find the purported administrator to be such a "*de facto*" administrator. *See Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 914-15 (11th Cir. 1997). The Second Circuit Court of Appeals has reaffirmed its rejection of a "*de facto*" administrator theory of liability under ERISA. *See Crocco v. Xerox Corp.*, \_\_\_, F.3d \_\_\_, \_\_\_, 1998 WL 79010, *1-*2 (2d Cir. Feb. 17, 1998). We cannot find that this court has ever placed itself on one side or other of this split in authority since 1994.

We do not deem this to be the appropriate case upon which to decide the question, however, not least because of the lack of development of the record or argument on the question below—the district court and Hall seem to have assumed that LHACO was the plan administrator and LHACO did not argue to the contrary until this appeal, and then only in passing—but also because we find other impediments to Hall's assertion of his claim pursuant to § 502(a)(1)(B). Thus, we must reserve for another time the question of whether a party other than the one designated in ERISA plan documents can be sued under § 502(a)(1)(B) as a "*de facto*" plan administrator.

### *2. "Redressability"*

Although the district court considered whether Hall had asserted a "redressable" claim against the present defendant only as to Hall's claim pursuant to ERISA § 502(a)(3), we find concerns about "redressability" are just as valid as to Hall's claim pursuant to ERISA § 502(a)(1)(B). To establish standing sufficient to meet the requirements of Article III of the United States Constitution, a party must establish three elements: (1) the party must have suffered an "injury in fact," consisting of an "invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent"; (2) there must be a causal connection between the injury and

10

the conduct complained of, where the injury is fairly traceable to the challenged action; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Planned Parenthood of Mid-Missouri and Eastern Kansas v. Ehlmann*, ___, F.3d ___, ___, 1998 WL 75547, *3 (8th Cir. Feb. 25, 1998) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Brouhard v. Lee*, 125 F.3d 656, 661 (8th Cir. 1997) ("Under the Constitution's 'cases or controversies' clause, a party must allege a cognizable and redressable injury in order to pursue a lawsuit," citing *Lujan* and *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County*, 115 F.3d 1372, 1378 (8th Cir.), *cert. denied*, ___ U.S. ___, 118 S. Ct. 629, *and cert. denied*, ___ U.S. ___, 118 S. Ct. 643 (1997)); *Wilcox Elec., Inc. v. F.A.A.*, 119 F.3d 724, 727 (8th Cir. 1997) (noting these requirements and finding that standing has both constitutional and "prudential" dimensions). To meet the third requirement, it must be more than merely speculative that the relief requested would have any effect to redress the harm to the plaintiff. *Burton v. Central Interstate Low-Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 210 (8th Cir.), *cert. denied*, 513 U.S. 951 (1994). Here, we find that Hall's claim pursuant to § 502(a)(1)(B) simply is not redressable against LHACO, because LHACO no longer provides any administrative services to Hall's ERISA Plan. In reaching this conclusion, we have examined the relief provided under § 502(a)(1)(B).

### 3. *Relief under § 502(a)(1)(B)*

Section 502(a)(1)(B) of ERISA, codified at 29 U.S.C. § 1132(a)(1)(B), provides the following remedies:

> A civil action may be brought—
> (1) by a participant or beneficiary—
>     * * *
> (B) to recover benefits due to him under the

11

> terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1)(B). Thus, the relief on a § 502(a)(1)(B) claim is limited.

Benefits due under the terms of Hall's Plan, the first category of relief available under this statute, can only be obtained against the Plan itself. *See* ERISA § 502(d)(2), 29 U.S.C. § 1132(d)(2) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."). *But see Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 908 & n.54 (11th Cir. 1997) (opining that § 502(d)(2) does not apply to an action to recover benefits under § 502(a)(1)(B), because such an action is for equitable relief, and § 502(d)(2) applies to legal relief). LHACO is in no position, where it is no longer associated with the Plan, to pay out benefits to Hall, even if those benefits should have been paid sooner. Only the Plan and the current plan administrator can pay out benefits to Hall. Furthermore, an injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested, *i.e.*, the plan administrator, not the plan itself. *See Hunt*, 119 F.3d at 908. LHACO, even if it once was the plan administrator for Hall's Plan, is no longer in that capacity, and thus cannot be enjoined to make payments of benefits from the Plan. Similarly, relief "enforc[ing] [Hall's] rights under the terms of the plan," the second category of relief under § 502(a)(1)(B), also cannot be obtained from LHACO, where LHACO no longer administers the plan, if it ever did. The terms of Hall's Plan would necessarily have to be enforced against the Plan itself and the *present* administrator: only from them can Hall obtain proper subrogation and payment of

benefits pursuant to the terms of his Plan. Finally, where LHACO is no longer the administrator of the Plan, the last category of relief under § 502(a)(1)(B), a "clarif[ication] of [Hall's] rights to *future* benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B) (emphasis added), necessarily cannot be had against LHACO, because LHACO has nothing to do with Hall's future benefits. Thus, Hall's claim pursuant to § 502(a)(1)(B) simply is not "redressable" against LHACO, and Hall has no standing to pursue that claim. *Lujan*, 504 U.S. at 560-61; *Ehlmann*, ___, F.3d at ___, 1998 WL 75547 at *3; *Brouhard*, 125 F.3d at 661; *Wilcox Elec., Inc.*, 119 F.3d at 727.

Because Hall does not have standing to pursue his claim pursuant to § 502(a)(1)(B), it is immaterial whether any member of the potential class would have standing to pursue this claim. Hall is not a proper representative of the class where he himself lacks standing to pursue the claim. *Cf. Great Rivers Co-op. of S.E. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) ("Inherent in Rule 23 is the requirement that the class representatives be members of the class," and the proffered representative could not represent the class where his claim was properly dismissed as time-barred); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 n.8 (8th Cir. 1996) ("Since a class representative must be part of the class, Miller cannot represent the class because his claim was properly dismissed."). Thus, the order in which the class certification and summary judgment motions are considered is not outcome determinative.

We affirm the district court's grant of summary judgment on Count I of Hall's complaint, albeit on different grounds. *Duffy*, 123 F.3d at 1035 n.6; *Yowell*, 89 F.3d at 544 n.4.

### B. The § 502(a)(3) claim

Hall contends on appeal that the district court improperly applied what he calls the "*Varity* hypothetical" in concluding that Hall could obtain adequate relief on a claim pursuant to § 502(a)(1)(B), such that his claim pursuant to § 502(a)(3) was precluded, with the exception of his claim for injunctive relief. This court has recently discussed the pertinent portion of *Varity Corp. v. Howe*, 516 U.S. 489 (1996), as follows:

> The Court . . . noted that section 502(a)(3) authorizes only "appropriate" equitable relief. The Court stated that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" [*Varity Corp.*, 516 U.S. at 515,] 116 S. Ct. at 1079.

*Wald*, 83 F.3d at 1006. Therefore, in *Wald*, the court concluded that, because the plan participant was provided adequate relief by her right to bring a claim for benefits under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and she sought "no different" relief on her claim pursuant to § 502(a)(3), 29 U.S.C. § 1132(a)(3), equitable relief would not be appropriate in her case, and thus she had no cause of action under § 502(a)(3).

Leaving aside Hall's argument that *Varity Corporation* is restricted to traditional benefits claims, and his assertion that his claim certainly is not a traditional claim for benefits, it is apparent that Hall seeks significantly "different" relief pursuant to § 502(a)(3) than could be obtained on a claim pursuant to § 502(a)(1)(B), *see Wald*, 83 F.3d at 1006 (the plaintiff had no cause of action pursuant to § 502(a)(3) where the relief she sought on such a claim was "no different" than the relief she sought on a claim pursuant to § 502(a)(1)(B)). The "different" relief Hall seeks on his § 502(a)(3) claim includes injunctive relief and an accounting. The district court so found, at least as to Hall's claim for injunctive relief. Thus, the district court correctly held that some

14

part of Hall's claim pursuant to § 502(a)(3) was adequately redressed by his claim pursuant to § 502(a)(1)(B), while some part was not.

Hall also contends that the district court erred by holding that he lacked standing to pursue injunctive relief, because his claim was not "redressable" against LHACO, since LHACO was no longer the administrator of Hall's plan. Here, we find that the district court correctly held that no injunction against LHACO would have any effect whatsoever on Hall, because LHACO is no longer associated with the Plan. Although Hall contends that the district court disregarded the fact that he seeks not merely prospective injunctive relief, but also seeks an injunction to correct past behavior of LHACO and also seeks an accounting, we find that an effective injunction, and for that matter an effective accounting, could be had only against the Plan itself or the current Plan administrator.

Nor is there any respect in which the district court's failure to consider class certification before dismissing the claim pursuant to § 502(a)(3) was "outcome determinative," as Hall asserts. Claims of putative class members pursuant to § 502(a)(3) would be barred, at least in part, by the requirements of *Varity Corporation*, just as Hall's § 502(a)(3) claim is barred in part, because the court is entirely unpersuaded that any members of the putative class would *not* have § 502(a)(1)(B) claims against their own ERISA plans. Their claims for "other" relief, like Hall's, also cannot be effectively redressed against LHACO, but can be redressed in actions against their own Plans or the current administrators of those plans. Furthermore, because Hall does not have standing to pursue his § 502(a)(3) claim, he cannot be the representative of a class of persons with such claims. *Cf. Great Rivers Co-op. of S.E. Iowa*, 120 F.3d at 899 (the proffered representative could not represent the class where his claim was properly dismissed as time-barred); *Alpern*, 84 F.3d at

15

1540 n.8 (the proffered representative could not represent the class where his claim had been properly dismissed).

Thus, we affirm the district court's dismissal of Hall's claim pursuant to § 502(a)(3) on essentially the grounds stated.

### III. CONCLUSION

We affirm the district court's grant of summary judgment, albeit on different grounds as to Hall's claim pursuant to § 502(a)(1)(B). Hall lacks standing to pursue either his claim pursuant to § 502(a)(1)(B) or his claim pursuant to § 502(a)(3), because neither claim is redressable against LHACO, even if LHACO was once a "*de facto*" administrator of Hall's Plan, because LHACO no longer has any connection with Hall's Plan. The result would have been no different had the district court or this court considered Hall's motion for class certification before considering the motion for summary judgment, because, without standing to pursue his own claims, Hall cannot be a proper representative of the class.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

16