Tadeusz **WYLUDA,** Plaintiff,

v.

**FLEET FINANCIAL GROUP and Liberty Life Assurance Company of Boston, Defendants.**

No. 99–C–0745.

United States District Court, E.D. Wisconsin.

Aug. 31, 2000.

Michael T. Sheedy, Michael T. Sheedy & Associates, Milwaukee, WI, for plaintiff.

Michael T. Graham, Peter R. Bulmer, Jackson Lewis Schnitzler & Krupman, Chicago, IL, for Fleet Financial Group, Inc., defendants.

James G. Allison, Whyte Hirschboeck Dudek SC, Milwaukee, WI, for Liberty Life Assurance Company, defendants.

### DECISION AND ORDER

RANDA, District Judge

This matter comes before the Court on a motion to dismiss by defendant Fleet Financial Group ("Fleet"). The plaintiff, Tadeusz Wyluda ("Wyluda"), alleges that he was hired by Fleet in October of 1997 and became eligible at that time for certain employment benefits, including long-term disability insurance underwritten by Liberty Life Assurance Company of Boston ("Liberty"). During 1998, Wyluda claims to have experienced "severe depression." When Liberty denied his claim for disability benefits on the basis that Wyluda's depression was a pre-existing medical condition, Wyluda filed this action against Liberty *and* Fleet, seeking "appropriate equitable and legal relief" under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Based upon the allegations of the complaint, the Court agrees that Fleet is not a proper defendant and grants the instant motion to dismiss.

### BACKGROUND

In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true the well-plead factual allegations of the complaint, which are as follows:

Wyluda alleges that he "began his employment" with Fleet on October 18, 1997. Complaint, ¶ 8. Two days later, he claims he was given a memorandum regarding benefit enrollment for 1997. *Id.*, Exhibit A. Pursuant to this memorandum, Wyluda alleges that he signed up for long-term disability ("LTD") insurance. *Id.* In opposition to the instant motion to dismiss, Wyluda has submitted a document entitled "An Overview of Health and Welfare Benefit Plans," which lists various kinds of insurance available to Fleet employees, including LTD coverage. Affidavit of Michael T. Sheedy ("Sheedy Aff."), Exhibit B. This document makes clear that employees were required to enroll for LTD coverage by calling Fleet's human resources department and by submitting the applicable enrollment forms. *Id.* It also states that LTD coverage is "effective on your date of hire." *Id.*

It is undisputed that Liberty is the insurance company that provided LTD coverage to Fleet employees during this time frame. Complaint, ¶ 3; Answer of Liberty, ¶ 3. However, a copy of the policy outlining the terms and conditions of this coverage has been omitted from the record. Similarly, although it appears that the LTD coverage was made available by Fleet as part of an employee welfare benefit plan covered by ERISA, *see* 29 U.S.C. § 1002(1)–(2); 29 C.F.R. § 2510.3–1, the record does not contain a copy of the

benefit plan. *See* 29 U.S.C. § 1102(a) ("Every employee benefit plan shall be established and maintained pursuant to a written instrument.").

The complaint alleges that Wyluda "elected and paid for [LTD] coverage." Complaint, ¶ 9. For purposes of the instant motion, the Court will accept these allegations as true, although correspondence between Wyluda's lawyer and Fleet suggests that it may not be, at least with respect to the critical last few months of 1997. *See* Complaint, Exhibits G–I. On June 4, 1998, Wyluda claims that he "went out on sick leave due to severe depression." Complaint, ¶ 10. Initially, according to Wyluda, Liberty denied that Wyluda had any LTD coverage in place, but the insurer later "admitted [it] had made a computer error and that [Wyluda] was insured for [LTD] benefits as of *January 1, 1998.*" *Id.* (emphasis added). Wyluda filed an application for LTD benefits with Liberty and waited for the carrier to complete its investigation of his claim. *Id.,* ¶¶ 11–15. On April 28, 1999, or perhaps earlier, Liberty formally denied Wyluda's application for benefits on the basis that he suffered from a pre-existing condition. *Id.,* ¶ J (referencing correspondence of February 16, 1999). The Liberty policy defines a "pre-existing condition" as a "condition resulting from an Injury or Sickness for which the Covered Person is diagnosed or received Treatment within three months prior to the Covered Person's Effective Date." *Id.* (quoting policy). Liberty's denial of coverage was based on the assumption—shared by Fleet—that the effective date for Wyluda's coverage was January 1, 1998. *Id.* Specifically, because Liberty ascertained that Wyluda had been treated for depression in mid-October and mid-November of 1997, it concluded that he was not entitled to LTD benefits under the Liberty policy. *Id.* Wyluda disputes the underlying assumption as to the effective date of his coverage, contending that his LTD coverage became effective in mid-October 1997. Indeed, Fleet's possible "nonfeasance" in

failing to enroll Wyluda promptly appears to be the sole basis for naming Fleet as a defendant in this action. *See* Plaintiff's Brief in Opposition to Motion to Dismiss, p. 6.

## ANALYSIS

### I. *Standards Governing Fleet's Rule 12(b)(6) Motion*

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not the merits of the case. *Triad Associates, Inc. v. Chicago Housing Authority,* 892 F.2d 583, 586 (7th Cir.1989), *cert. denied,* 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In other words, the question "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* Nevertheless, to state claim upon which relief can be granted, the complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane,* 854 F.2d 179, 182 (7th Cir.1988).

### II. *Wyluda's Denial of Benefits Claim Under 29 U.S.C. § 1132(a)(1)(B)*

A participant in an employee welfare benefit plan covered by ERISA may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As an initial matter, Wyluda's complaint fails to allege that Fleet, by making LTD coverage available to its employees, established an employee welfare benefit plan governed by ERISA, or that Wyluda meets the statutory definition of an ERISA plan participant. *Gahn v.*

**830**

*Allstate Life Ins. Co.*, 926 F.2d 1449 (5th Cir.1991) (discussing criteria for existence of ERISA-covered plan); 29 U.S.C. § 1002(1)–(2) (definition of plan); 29 C.F.R. § 2510.3–1(j) (indicia of a plan where group insurance is available to employees); 29 U.S.C. § 1002(7) (definition of participant). An ERISA plaintiff who omits such allegations does so at his own peril, since they bear upon the Court's subject matter jurisdiction. Nevertheless, the Court will not dwell upon the incompleteness of Wyluda's allegations because Fleet appears to concede that it established an ERISA-covered plan, and that Wyluda qualifies as a participant. *See also Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985) ("mere vagueness or lack of detail" does not constitute sufficient grounds for dismissing a complaint).

■ As to whether Wyluda may maintain an action to recover benefits from his employer, the law is clear that he may not. Wyluda's complaint, liberally construed, alleges only that Fleet is a "plan sponsor," *i.e.*, "an employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C. § 1002(16)(B)(i). However, The Seventh Circuit has held that " 'ERISA permits suits to recover benefits only against the Plan as an entity....' " *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, (7th Cir.1996) (quoting *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir.1985)); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir.1997); *see also Witowski v. Tetra Tech, Inc.*, 38 F.Supp.2d 640, 644 (N.D.Ill.1998) ("the Seventh Circuit has made its position clear: only the plan as an entity is the appropriate party to sue."); *Roeder v. ChemRex, Inc.*, 863 F.Supp. 817, 828 (E.D.Wis.1994).

Furthermore, while some courts outside of this circuit have allowed a plan participant or beneficiary to recover benefits from an employer, they have done so based on the employer's "discretionary decision-making authority over the plan's benefits." *Witowski*, 38 F.Supp.2d at 644–45 (collecting cases). Fleet had no such discretion or authority. As reflected in the complaint (and attached documents), Liberty, not Fleet, was charged with processing claims and making a final determination as to Wyluda's eligibility for LTD benefits. Thus, even under the more liberal approach of those circuits that do allow recovery of benefits from an employer, Wyluda would be unable to prevail against Fleet. In short, Fleet is not a proper defendant to Wyluda's claim for benefits under 29 U.S.C. § 1132(a)(1)(B).

### III. *Wyluda's Breach of Fiduciary Duty Claims*

ERISA also provides remedies for the breach of fiduciary duties by plan fiduciaries. *See Thornton v. Evans*, 692 F.2d 1064, 1077 (7th Cir.1982) (fiduciary duty standards imposed by ERISA are enforceable only against parties who are fiduciaries under ERISA). A person is a fiduciary under ERISA:

to the extent (i) he exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Although it is by no means evident from the face of the complaint, the Court will assume, as the parties do, that Fleet is a "fiduciary" as defined above.[1] In that capacity, Fleet arguably had a duty to exercise care in the

---

1. Fleet may well be named as a fiduciary in the written plan instrument. *See* 29 U.S.C. § 1102(a). However, as noted above, the plan instrument is not a part of the record before this Court.

administration of the plan, and specifically a duty to process enrollment paperwork properly. However, even if Fleet is a plan fiduciary, this does not necessarily establish that Wyluda is the proper party to bring a fiduciary claim, or that Wyluda may bring a fiduciary claim seeking the same relief available to him in a claim for benefits against the plan as an entity (*see* discussion *supra* ).

Wyluda's breach of fiduciary duty claim, to the extent he articulates one in his complaint, is based upon 29 U.S.C. § 1104. Complaint, ¶ 4. However, this section of ERISA merely spells out the duties owed by a plan fiduciary; it does not authorize relief for the breach of those duties. Section 1104 is not, as Fleet correctly notes, "remedial." Thus, if Wyluda is to prevail against Fleet for breach of fiduciary duty, it must be under either 29 U.S.C. § 1132(a)(2) or 29 U.S.C. § 1132(a)(3).

Subsection (a)(2) of section 1132 allows a participant to bring an action for "appropriate relief under section 1109 of this title." Section 1109, in turn, provides as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a) (emphasis added).

■ Fleet, relying upon the Seventh Circuit's decision in *Anweiler v. AEPSC*, 3 F.3d 986 (7th Cir.1993), argues that Wyluda may not bring a claim under subsection (a)(2) because he also seeks to recover benefits under subsection (a)(1)(B). The Court in *Anweiler* observed that "[a]n action to recover from a breach of fiduciary duty occurred is distinct from an action to recover plan benefits under section 1132(a)(1)(B) of [ERISA]." *Id.* at 992. On the basis of this statement, plucked out of context from the *Anweiler* decision, Fleet would have this Court derive a *per se* rule against seeking relief under both subsection (a)(1)(B) and subsection (a)(2). The Court agrees that Wyluda may not bring a fiduciary claim under (a)(2), but for different reasons. In *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court stated that "the entire text of [section 1109] persuades us that Congress did not intend that section to authorize any relief *except for the plan itself.*" *Id.* at 144, 105 S.Ct. 3085 (emphasis added). Thus, any "recovery for a violation of [section 1109] inures to the plan as a whole," and not to an individual participant or beneficiary. *Id.* at 140, 105 S.Ct. 3085. Clearly, *Russell* stands for the proposition that an individual plan participant such as Wyluda may not bring a cause of action under section 1109 to recover on his own behalf. *Anweiler*, 3 F.3d at 992 (discussing *Russell* and its progeny); *see also Lowe v. Telesat Cablevision, Inc.*, 837 F.Supp. 410, 412 (M.D.Fla.1993); *Bouteiller v. Vulcan Iron Works, Inc.*, 834 F.Supp. 207, 212 (E.D.Mich.1993). In short, subsection (a)(2) of section 1132 is tied to section 1109, and Wyluda is not the proper party to bring a fiduciary claim based on section 1109.

Subsection (a)(3) of section 1132, unlike subsection (a)(2), does authorize individualized equitable relief for breach of fiduciary obligations. *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). This subsection provides that an action may be brought:

> by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce

any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(3). The Seventh Circuit has held that "appropriate equitable relief" under this subsection does not include compensatory damages, but rather, only "the typical remedies available in equity." *Buckley Dement, Inc. v. Travelers Plan Administrators of Illinois*, 39 F.3d 784, 788 (7th Cir.1994) (discussing *Mertens v. Hewitt Associates*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)); *see also Bowerman v. Wal–Mart Stores, Inc.*, 2000 WL 1171973, *16 (7th Cir.) (noting that restitution is an equitable remedy).

The Supreme Court, in *Varity, supra*, addressed the question of whether an individual plaintiff could obtain equitable relief under subsection (a)(3). The Court answered that question in the affirmative, but only because the plaintiffs in *Varity* had no claim for benefits under either subsection (a)(1)(B) or subsection (a)(2) and the Court believed that it would be inconsistent with the purposes of ERISA to leave them without a remedy of any kind. *Varity*, 516 U.S. at 515, 116 S.Ct. 1065. However, the Court observed that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would not be 'appropriate.'" *Id.* Courts interpreting this language "have carefully circumscribed use of [subsection (a)(3)] to situations where none of ERISA's other remedial provisions furnish a remedy." Karl J. Stoecker, *ERISA Remedies After Varity Corp. v. Howe*, 9 DePaul Bus.L.J. 237, 258 n. 62. (Spring/Summer 1997); *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir.1998); *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1197 (8th Cir.1998); *Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir.1996); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir.1997); *see also Coyne & Delany Co. v. Blue Cross & Blue Shield*, 102 F.3d 712, 714 (4th Cir.1996).

Here, in contrast with *Varity*, "adequate relief" is available to Wyluda in the form of a claim against the plan to recover the LTD benefits which he claims are rightfully his. *See Mein v. Pool Company Disabled International Employee Long Term Disability Benefit Plan, et al.*, 989 F.Supp. 1337, 1351 (D.Colo.1998). Moreover, Wyluda does not appear to seek relief under subsection (a)(3) that is any different from the relief he could obtain in his action against the plan as an entity. *See Wald*, 83 F.3d at 1006. Thus, consistent with *Varity*, the Court can only conclude that Wyluda's breach of fiduciary duty claim against Fleet under subsection (a)(3) is superfluous and that it should be dismissed.

## IV. *Motion to Strike Jury Demand*

Also before the Court is Fleet's unopposed motion to strike Wyluda's jury demand. Because, as the Seventh Circuit has explained, "ERISA's antecedents are equitable," there is no right to a jury trial in an ERISA case. *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998); *see also Sofo v. Pan–American Life Ins. Co.*, 13 F.3d 239, 241–42 (7th Cir. 1994). Accordingly, the motion to strike is granted.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Fleet's motion to dismiss is GRANTED; and

2. Fleet's motion to strike the plaintiff's jury demand is GRANTED.

**SO ORDERED**