Lyn **EVERHART**, Plaintiff–Appellant,

v.

**ALLMERICA FINANCIAL LIFE IN-SURANCE COMPANY, dba State Mutual Life Assurance Company of America, Defendant–Appellee.**

No. 99–17094.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2001

Filed Dec. 27, 2001

Charles J. Wisch, San Francisco, California, for the plaintiff-appellant.

Paul E.B. Glad, Sonia Renee Martin, Sonnenschein Nath & Rosenthal, San Francisco, California, for the defendant-appellee.

Before: REINHARDT, RYMER and FISHER, Circuit Judges.

Opinion by Judge FISHER; Dissent by Judge REINHARDT.

FISHER, Circuit Judge:

Lyn Everhart appeals the district court's summary judgment in favor of Allmerica Financial Life Insurance Co. ("Allmerica"). She argues that the district court was incorrect in concluding that ERISA barred her suit against Allmerica, its employee benefit plan's insurer. Because Everhart may not bring suit to recover benefits against Allmerica in its capacity as a third-party insurer under the applicable ERISA provisions, we affirm.

## I.

Appellant was married to Charles Everhart, an employee of Credence Systems Corp. ("Credence"). Credence established an employee benefit plan ("the plan") subject to the terms of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., for which it was the plan administrator. In accordance with the terms of the plan, Credence purchased a group life insurance policy ("the policy") from Allmerica. If a plan participant died, the terms of the policy dictated that his beneficiaries were to receive a death benefit of twice his annual earnings.

Charles Everhart was a plan participant. In his enrollment form, he listed his annual salary as $84,800. Although this sum reflected his annual base salary, he earned a great deal more in commissions—in the last 15 months of his life he earned $193,734 in commissions, which averages out to an additional $154,987 per year. Thus, his average yearly salary, including commissions, was roughly $239,787.

Charles died in a plane crash December 5, 1994. As his beneficiary, Appellant sought twice the amount of his base salary plus commissions; rounded up to the nearest thousand (per the terms of the policy), that figure was $480,000. On September 18, 1998, Allmerica sent Everhart a check for $202,829.79 ($170,000 plus interest) to cover its obligation under the policy. It continued to maintain it was required to pay benefits only on Charles Everhart's stated salary of $84,800.

In addition to the dispute over the policy, Appellant also alleged Credence owed Charles Everhart unpaid benefits and compensation at the time of his death. Credence and Appellant entered into an agreement March 21, 1997, under which she released all claims against Credence in exchange for $230,000.

Everhart filed this action against Allmerica February 22, 1999 for recovery of benefits under the ERISA, 29 U.S.C. § 1132(a)(1)(B). Thereafter, the district court granted Allmerica's motion for summary judgment and denied Everhart's counter-motion for summary judgment, finding that Everhart could not sue Allmerica for benefits without joining the plan as a party. Everhart filed a timely notice of appeal.

## II.

We review a grant of summary judgment de novo. *Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). The court must determine, upon viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether any genuine issues of material fact exist. *Id.* Interpretation of ERISA is a question of law reviewed de novo. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 646 (9th Cir. 2000) (en banc).

## III.

An employee welfare benefit plan is a plan an employer establishes or maintains to provide benefits for its participants. The plan provides these benefits "through the purchase of insurance or otherwise." 29 U.S.C. § 1002(1).

ERISA allows participants or their beneficiaries to bring a civil action "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." *Id.* § 1132(a)(1)(B). However, a money judgment for an action brought under § 1132(a)(1)(B) may be enforced "only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity." *Id.* § 1132(d)(2).

Additionally, ERISA § 1132(a)(3) allows a beneficiary to bring a civil action "to enjoin any act or practice" which violates any ERISA provision or "to obtain other appropriate equitable relief." Liability under § 1132(a)(3) is not limited to the plan itself or its fiduciary. *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 247, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000) (holding that § 1132(a)(3) authorizes suit against a nonfiduciary "party in interest" to a breach of

fiduciary duty); *Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414, 415–18(9th Cir.1990) (stating that insurance company that served as the plan's claims-handling agent but was not an ERISA fiduciary "cannot be sued to recover benefits or [for damages] for breach of fiduciary duty," but an "equitable remedy may have been available" under § 1132(a)(3)). Everhart did not bring her suit under § 1132(a)(3). She brought this action against Allmerica solely under § 1132(a)(1)(B).

We held in *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985), that "ERISA permits suits [under § 1132(a)(1)(B)] to recover benefits only against the Plan as an entity." Subsequent cases in this circuit have relied on *Gelardi* to limit benefit suits to the plan. *See Gibson*, 915 F.2d at 417; *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1287 (9th Cir.1990) (holding that inclusion of employer was improper in an ERISA suit to recover benefits). Other circuits, quoting *Gelardi*, also have held that the plan itself is the only proper defendant in a suit to recover benefits. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir.1996) ("ERISA permits suits to recover benefits only against the Plan as an entity ..."); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir.1993) (same).

However, under another line of cases, in this circuit and others, claimants may also bring ERISA actions to recover benefits against plan administrators. *See Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1471 (9th Cir.1993) (holding that "[t]he beneficiary of an ERISA plan may bring a civil action against a plan administrator" to recover benefits under § 1132(a)(1)(B)); *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir.1998) (permitting suit under § 1132(a)(1)(B) against plan administrator but not employer); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan.");[1] *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) (holding that an employer is not a proper defendant in an action for benefits under ERISA unless it is "shown to control administration of a plan"). These lines of cases are summarized in *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194–95(8th Cir.1998).

Because Credence, and not Allmerica, was the plan administrator—a fact both parties freely acknowledge—we need not determine which line of cases more accurately states the law.[2] Appellant released all her claims against the plan and the plan administrator, and has limited her claim against Allmerica to a suit under § 1132(a)(1)(B). Under either *Gelardi* or *Taft* and their respective progeny, she may not sue the plan's *insurer* for additional ERISA plan benefits.[3]

---

**1.** *Garren* is almost directly on point here. The benefit plan at issue was administered by the plaintiff's employer, while an outside insurance company serviced the plan. Garren sued the insurance company, arguing his employment benefit plan wrongfully denied his son's claim for benefits. The court dismissed the claim because the insurance company was not a plan administrator. *Garren*, 114 F.3d at 187("The evidence is clear that [plaintiff's employer] is the proper party defendant, not [the insurance company].").

**2.** For this reason, we disagree with the dissent's contention that we should only resolve this case through an en banc proceeding.

**3.** The dissent proposes a new test for suits under § 1132(a)(1)(B) whereby suits for benefits could be brought against a party that is neither the plan itself nor the plan administrator, but that makes "the discretionary decisions as to whether benefits were owed." Dissent at 17345. The dissent cites no authority for this proposition. It is contrary to

Everhart argues that the pronouncements in our cases limiting actions for benefits to suits against the ERISA plan itself apply only to self-funded plans, under which the plan acts as an insurer to provide the benefits guaranteed to participants. She contends that when a plan purchases benefits from an outside insurance carrier, as here, plan beneficiaries are entitled to sue the insurance carrier to enforce their rights, as third-party beneficiaries, to collect promised benefits from the insurer.

In support of this argument, Everhart cites *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir.1997), *aff'd*, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999). In *Forsyth*, a group of employee beneficiaries under an ERISA plan sued the insurance company providing health insurance for the plan. Their suit, brought pursuant to § 1132(a)(1)(B), alleged the insurance company had negotiated a discounted treat-

ment rate with a hospital but failed to pass along that discount to the plan beneficiaries in the form of lower co-payment charges. *Forsyth*, 114 F.3d at 1473. The district court granted summary judgment in favor of the plaintiffs on their breach of contract claim against the insurer, and this court affirmed. *Id.* at 1475.[4]

Everhart contends that in *Forsyth* the court allowed the action against the insurance company because it recognized that plan beneficiaries could sue to ensure that the insurance company would comply with its contractual obligations. Thus, she argues that the court limited, *sub silentio*, *Gelardi*'s broad pronouncement that "ERISA permits suits to recover benefits only against the Plan as an entity." *Gelardi*, 761 F.2d at 1324. But there is another, simpler explanation: In *Forsyth*, Humana, the insurance company, functioned as the plan administrator.[5] Suit against Humana

---

the cases discussed in text in this and other circuits that limit § 1132(a)(1)(B) suits to plans or plan administrators, and—significantly—it seems to confuse or conflate a § 1132(a)(1)(B) suit with a § 1132(a)(3) suit for breach of fiduciary duty, which is not the claim Everhart is making against Allmerica. *See Gelardi*, 761 F.2d at 1325("ERISA defines a fiduciary of a Plan as anyone who 'exercises any discretionary authority or discretionary control respecting management of such plan or . . . has any discretionary authority or discretionary responsibility in the administration of such plan' ") (quoting 29 U.S.C. § 1002(21)(A)); *Gibson*, 915 F.2d at 417 (noting that § 1132(a)(3) "allows equitable relief against both fiduciaries and nonfiduciaries").

Some of the Supreme Court's rationale in *Harris* may raise questions about *Gelardi*'s continuing vitality. *See Harris*, 530 U.S. at 246, 120 S.Ct. 2180 (explaining that § 1132(a)(3) "admits of no limit . . . on the universe of possible defendants"). But the Court also observed that "ERISA's comprehensive and reticulated scheme warrants a cautious approach to inferring remedies not expressly authorized by the text," *id.* at 247, 120 S.Ct. 2180 (quotation marks omitted), and ultimately turned to the language of § 1132(*l*) as explicitly authorizing suits for

breach of fiduciary duty against a fiduciary or "other person." *Id.* at 247–48. No similar express authorization to reach third parties exists for § 1132(a)(1)(B). Accordingly, *Harris* reinforces our view that the dissent's test belongs under § 1132(a)(3), not § 1132(a)(1)(B).

4. The district court in this case distinguished *Forsyth* on the ground that Humana, the insurer, was a fiduciary of the plan. However, Everhart correctly notes that fiduciary status is an improper basis on which to distinguish *Forsyth* because the district court there explicitly rejected plaintiffs' attempt to bring a claim for violation of fiduciary duty: "[T]he cause of action provided by ERISA to compensate the [plaintiffs] for the questionable conduct of Humana Insurance is a claim for benefits pursuant to § 1132(a)(1)(B) and not a claim for breach of fiduciary duty under § 1109 or § 1132(a)(3)." *Forsyth v. Humana, Inc.*, 827 F.Supp. 1498, 1506 (D. Nev.1993). This court specifically affirmed this portion of the district court's ruling. *Forsyth*, 114 F.3d at 1475.

5. That Humana was understood to be the plan administrator is indicated by *Forsyth*'s discussion of *Varity Corp. v. Howe*, 516 U.S.

was therefore consistent with *Taft*'s interpretation of § 1132(a)(1)(B) as encompassing suits against plan administrators. *See Taft*, 9 F.3d at 1471.

The distinction Everhart proposes, based on the type of plan at issue, is not compelling. Nowhere does § 1132 explicitly distinguish plan types or indicate that plans utilizing outside insurance carriers permit suits against third parties whereas self-funded plans do not. Moreover, neither *Gelardi* nor *Forsyth* turns on this distinction. The statement in *Gelardi* that "ERISA permits suits to recover benefits only against the Plan as an entity" provides no indication that the type of plan is determinative in confining proper suits to those against the plan. *Forsyth* did not purport to distinguish *Gelardi* when it allowed a § 1132(a)(1)(B) suit against Huma-na to proceed; indeed, *Forsyth* does not cite *Gelardi* at all. It may have—with or without *Taft* in mind—extended the definition of permissible suits under § 1132(a)(1)(B) to include actions against plan administrators, but it did not create a new rule for allowable suits premised on the type of plan funding at issue. Nor has Everhart cited any other cases to us that turn on the distinction between self-funded plans and those that purchase insurance from an outside carrier.[6]

We find no reason to depart from the established precedent of this circuit, and of every other circuit that has expressly considered the issue, that § 1132(a)(1)(B) does not permit suits against a third-party insurer to recover benefits when the insurer is not functioning as the plan administrator.[7]

489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), decided while *Forsyth* was pending. *Forsyth* was concerned with establishing plaintiffs' standing—as individual beneficiaries—to bring not only a § 1132(a)(1)(B) action, as the district court had ruled, but also a § 1132(a)(3) claim for breach of fiduciary duty. *Varity Corp.* held that, under certain circumstances, individuals could bring such a claim. As the court in *Forsyth* explained:

> While this appeal was pending the Supreme Court issued its decision in *Varity Corp.* ... The Court held that an individual beneficiary may bring suit against *a plan administrator* for a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) ... only where other equitable relief is available.... In the present case, the Co-Payors seek to recover individual relief under section 1132(a)(3) for Humana Insurance's breach of fiduciary duty. But the Co-Payors have already won a judgment for damages under section 1132(a)(1).... In these circumstances, *Varity Corp.* does not authorize equitable relief under the catchall provision of section 1132(a)(3).

*Forsyth*, 114 F.3d at 1474 (emphasis added). There would have been no reason to mention that *Varity Corp.* specifically applied to "a plan administrator" if Humana was not the administrator.

6. The dissent suggests we misconstrue plaintiff's argument, and that where third-party insurers are "legally responsible, by contract, for the making of discretionary decisions and for the payment of ERISA benefits, such parties properly can be sued under ERISA." Dissent at 17347. As we have made clear, Allmerica may well have been subject to suit were it the plan administrator or acting in a fiduciary capacity; but those are not the facts here. Indeed, Everhart did sue, and settle with, the plan administrator—Credence. On the record before us, we decline to speculate as to whether and how she might have resolved any claims she might have had against Allmerica through Credence.

7. Although *Cisneros v. UNUM Life Ins. Co. of Am.*, 134 F.3d 939 (9th Cir.1998), and *Ward v. Management Analysis Co. Employee Disability Benefit Plan*, 135 F.3d 1276 (9th Cir.1998), aff'd in part and rev'd in part, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), might, as the dissent argues, be read as having permitted suit against an insurance company not acting as the plan administrator, neither decision addresses the issue nor makes clear what UNUM's role was under each of the plans at issue. *See, e.g., Ward*, 135 F.3d. at 1288("Whether MAC acted as fiduciary *and as agent of UNUM in administering* the MAC Plan's long-term disability policy, partic-

Thus, we conclude that the district court properly rejected Appellant's suit.

**AFFIRMED**.

REINHARDT, Circuit Judge, dissenting:

For the reasons explained below, I respectfully dissent. The majority holds that "Everhart may not bring suit to recover benefits against Allmerica in its capacity as a third-party insurer under the applicable ERISA provisions" because " § 1132(a)(1)(B) does not permit suits against a third-party insurer to recover benefits when the insurer is not functioning as a plan administrator." Maj. Op. at 752. The majority, however, can point to no provision of ERISA either limiting the parties that may be sued under the statute to ERISA plans and administrators, or prohibiting suits against third-party insurers. Therefore, applying the reasoning of the Supreme Court in *Harris Trust and Savings Bank v. Salomon Smith Barney,* there is "no limit on the universe of proper defendants" 530 U.S. 238, 246, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000) where the statute does not establish one. I simply cannot agree with the majority's determination to strip from Everhart and other ERISA plan beneficiaries and participants their rights under the statute to sue parties that may be liable for the payment of the benefits owed them.

ERISA permits a participant or beneficiary to bring suit to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The statute does not state, as the majority claims it does, that

a money judgment for an action brought under § 1132(a)(1)(B) may be enforced "only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity." (quoting *Id.* § 1132(d))

The majority's incomplete quotation of the statute introduces a significant error into its reading. The statute actually states, in a section entitled "*Status of employee benefit plan as an entity,*" that an ERISA plan may sue or be sued as an entity, *Id.* § 1132(d)(1), that service of process upon a trustee or administrator of an ERISA plan constitutes service upon the plan, *Id.* § 1132(d)(1), and that

[a]ny money judgment under this subchapter *against an employee benefit plan* shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under the subchapter. (emphasis added) *Id.* § 1132(d)(2)

This provision clearly applies only to suits against ERISA plans, and not to suits that may be brought against other parties under ERISA. Contrary to the majority's implication, the provision does not limit the ability of participants or beneficiaries to bring actions against parties other than plans under § 1132(a)(1)(B) or any other part of § 1132. It simply makes clear that when a party does sue a plan, any money judgment it receives against the plan can be enforced only against that plan as an entity, and not against any other person, with the exception noted. This prevents

---

ularly in receiving and forwarding claims for benefits, cannot be decided as a matter of law on the existing record.") (emphasis added and footnote omitted). To the extent this circuit's

decisions in this area may be talking past each other, we feel bound to follow those that are explicit in their holdings.

parties from suing the plan as an entity, and then attempting to enforce the judgment against the individual trustees or other individuals associated with the plan.[1] The clear import of § 1132(d) is to put ERISA litigants on notice that to obtain and enforce a money judgment against any party other than a plan, they must sue that other party directly. True, there may be few others who can be said to owe them the benefits, and thus few others who may be liable to suit under § 1132(a)(1)(B), but as I explain below, third-party insurers qualify.

Similarly, the majority misreads our precedent in *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir.1985). The facts in *Gelardi* were as follows: the ERISA plan was a self-insured plan, funded by the employer, Pertec Computer Corporation (Pertec). Self Insurance Programs (Self) was a separate corporation hired by Pertec to administer the Plan. Pertec Employee Benefits Committee was the entity to which the Plan Administrator (Pertec) had delegated authority to make the final review of denied claims. There was no third-party insurer involved. Gelardi attempted to sue her employer (Pertec) and the third-party administrator (Self) of the Plan. The *Gelardi* court refused to permit suit against the employer or the third-party administrator because neither, according to the operation of the plan, had discretionary control over the disposition of claims, nor were they fiduciaries. The Committee had been delegated that control. The court's language that "Gelardi must sue either the Plan or the fiduciary" must be taken within the context of the facts and circumstances of the case. What the *Gelardi* court clearly meant

was that, *given the provisions of the plan at issue,* Gelardi could not sue her employer or the third-party administrator; the only parties Gelardi could sue were the parties with the authority or obligation to determine or pay the benefits—the Plan and the fiduciary. The *Gelardi* language relied on by the majority referred to an employee's right to sue under the circumstances of the particular Plan, and did not establish a general rule as to whom employees may sue under different circumstances. *Gelardi* said nothing about the existence or absence of a right of ERISA beneficiaries to sue insurance companies, let alone insurance companies that are legally responsible, by contract, for providing ERISA benefits.

Following *Gelardi,* a split developed in this circuit over whether an ERISA beneficiary could sue a third-party insurer. Two cases, *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir.1990), and *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1287(9th Cir. 1990), held, without reasoning, but citing *Gelardi,* that ERISA beneficiaries could sue only plans or fiduciaries of plans. Three cases, *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir.1997), *aff'd,* 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999), *Ward v. Management Analysis Company Employee Disability Benefit Plan*, 135 F.3d 1276 (9th Cir.1998), *Cisneros v. UNUM Life Insurance Company of America*, 134 F.3d 939 (9th Cir.1998), affirmed the rights of ERISA beneficiaries to sue third-party insurers by permitting suits against such insurers to proceed. Because of this intra-circuit split, the proper course for us to follow would be to request

---

1. Similarly, the statute does not permit the artifice of suing a Plan's employee in his individual capacity as a means of suing the Plan. Such were the circumstances in *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d

1482 (7th Cir.1996), in which the Seventh Circuit dismissed an action for denial of benefits against the Plan employee who made the benefits determination and required that the Plan itself be sued as an entity.

that the case be heard en banc.[2] Because the majority declines to do so, I will explain here why, were we free to disregard the conflict and decide the case from scratch, I would hold that an ERISA beneficiary may sue a third-party insurer who is legally responsible, by contract, for the payment of ERISA benefits.

The "recovery of benefits" provision of ERISA permits participants or their beneficiaries to sue only to recover benefits. Under this provision, plaintiffs are not permitted to receive punitive relief or damages. In this sense, recovery under the provision is akin to equitable relief ordering payment of unpaid benefits, and the Court's reasoning in the recent *Harris* decision is particularly applicable. 530 U.S. 238, 120 S.Ct. 2180. In *Harris,* the Court found that § 1132(a)(3), permitting equitable relief to redress a violation of the fiduciary's duty to refrain from certain transactions with "parties in interest," did not contain a limit on defendants because it was meant as a broad remedy of redress, and because the statutory provision expressed no limit on possible defendants. 530 U.S. at 246–247, 120 S.Ct. 2180. Similarly, § 1132(a)(1)(B) was intended as a broad remedy of redress, and contains no explicit limit on possible defendants; therefore, no such limit should be read into it. For this reason, both parties that legally owe the benefits and parties that have the legal power to determine or pay those benefits because they administer them, are proper party defendants in an ERISA suit under § 1132(a)(1)(B).

The extensive line of cases permitting suits against plan administrators supports the proposition that ERISA does not limit § 1132(a)(1)(B) suits to suits against the plans themselves, but permits suit against parties responsible for providing or administering ERISA benefits and making discretionary decisions as to whether benefits were owed. See *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1471 (9th Cir.1983) ("The beneficiary of an ERISA plan may bring a civil action against a plan administrator …" ); *see also Hall v. Lhaco, Inc.,* 140 F.3d 1190, 1194 (8th Cir. 1998) ("The proper party against whom a claim for ERISA benefits may be brought is the party that controls administration of the plan, not the plan participant's employer." (quotations omitted)); *Layes v. Mead Corp.,* 132 F.3d 1246, 1249 (8th Cir.1998) (citing *Garren* and permitting suit against insurer but not employer, because insurer was "at all relevant times the sole administrator of the long-term disability plan offered by [employer]"); *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir.1988) (holding that the pension committee which was "responsible for administering and interpreting the plan and was solely responsible for a denial of benefits" was therefore "the only proper defendant in an action concerning benefits"). In this case, Allmerica, as the third-party insurer, was responsible for evaluating and determining the merits of claims filed by the plan's participants and beneficiaries. It controlled the administration of the plan and made the discretionary decisions as to whether benefits were owed. Therefore,

---

**2.** The intra-circuit split discussed in the majority opinion—whether only the plan itself may be sued or whether plan administrators may also be sued—demonstrates the confusion and disagreement in our case law on the question of standing under the ERISA provision at issue. Maj. Op. at 753–54. It provides further support for the argument that the instant case should not be resolved by this panel but by an en banc court.

although not the plan administrator, it can properly be sued under ERISA.

A party that is legally responsible for paying ERISA benefits can also properly be sued under § 1132(a)(1)(B). That third-party insurers in particular can be sued when they are legally responsible, by contract, for the payment of ERISA benefits is confirmed by several cases in this circuit in which ERISA beneficiaries have been permitted to bring suit against third party insurers under that provision. In *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir.1997), *aff'd*, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999), class members comprised of employee beneficiaries brought a claim for recovery of benefits under § 1132(a)(1)(B), contending that the third-party insurer of their plan had breached its contract with them by negotiating a discount with a hospital and not passing the discount along to them. We upheld the district court's grant of summary judgment in the plaintiffs' favor against the insurer under § 1132(a)(1)(B). The Supreme Court, in an opinion by Justice Ginsburg for a unanimous court, affirmed our decision. The majority contends that the suit against the third party insurer was allowed to proceed in *Forsyth* only because the insurance company functioned as the plan administrator. There is nothing in *Forsyth* to support either my colleagues' factual assumption or their legal conclusion. The contention that it is "clear" from *Forsyth*'s discussion of *Varity Corp. v. Howe*, 516 U.S. 489 (1996), that Humana was understood to be the plan administrator is patently incorrect. *Varity Corp.* was a case, like many cited by the majority, in which the ERISA plan at issue was self-funded, and the employer served as the plan administrator. There was no third-party insurer in *Varity Corp.*; therefore, the *Forsyth* court could not possibly have viewed the facts as being analogous. In fact, it is "clear" that *Forsyth* cited *Varity Corp.* on an entirely different point. It cited *Varity Corp.* for the proposition that a suit could not be brought under § 1132(a)(3), the "catchall" fiduciary duty provision, when relief was already available under § 1132(a)(1)(B); then, because relief *was* available against the insurer under § 1132(a)(1)(b), *Forsyth*, relying on *Varity Corp.* denied a similar "catchall" claim.

I would also point out that at no point in the Supreme Court decision, the appeals court decision, or the district court decision in *Forsyth* is it held, asserted, suggested or even implied that Humana was the plan administrator. The majority's distinguishing of *Forsyth* on that basis is simply unsupportable. The relevance of *Forsyth* to the issue before us is that the suit was allowed to proceed because in that case, as in this, the third-party insurer was *legally responsible for paying the ERISA benefits the plaintiffs sought to recover.* Moreover, in at least two other instances, this circuit has permitted ERISA beneficiaries to sue third-party insurers. In *Cisneros v. UNUM Life Insurance Company of America*, 134 F.3d 939(9th Cir. 1998), the ERISA beneficiary was permitted to sue the third-party insurer for the recovery of benefits despite the fact that the insurer was not the plan administrator and neither the plan nor the plan administrator were named as defendants. Finally, in *Ward v. Management Analysis Company Employee Disability Benefit Plan*, 135 F.3d 1276 (9th Cir.1998), an ERISA participant was also permitted to sue the insurer for the recovery of benefits, even though the insurer was not the plan administrator and even though the participant was not permitted to sue the employer who established the plan.

The majority misconstrues the distinction the plaintiff claims is made under the statute between suits against self-funded

plans and suits against plans that purchase benefits from a third-party insurer. The distinction that exists in the ERISA scheme and the cases is based on this: One can legitimately sue an entity that is legally responsible for the payment of ERISA benefits or one that makes the discretionary decisions as to those benefits. In the case of self-funded plans, it is likely that few third parties will meet this standard, hence *Gelardi*'s holding that Gelardi could sue only "the Plan or a fiduciary." In the case of plans in which a third party, such as an insurer, is legally responsible, by contract, for the making of discretionary decisions and for the payment of ERISA benefits, such third parties properly can be sued under ERISA.

Finally, permitting suits such as Everhart's furthers the policies of ERISA, and is consistent with our duty to develop a body of federal common law applicable to ERISA. "Under ERISA, Congress has authorized the courts 'to formulate a nationally uniform federal common law to supplement the explicit provisions and general policies set out in[the Act].'" *Sec. Life Ins. Co. of Am. v. Meyling*, 146 F.3d 1184, 1191(9th Cir.1998) (quoting *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 411 (9th Cir.1995)) (alteration in original). In formulating the federal common law applicable to ERISA, courts are to be "governed by the federal policies at issue." *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 (9th Cir.1984). The stated Congressional policy of ERISA is to "protect the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b) (congressional findings and declaration of policy). Specifically, Congress sought through ERISA to protect plan participants and beneficiaries "as against employers, *insurers* and administrators of employee benefit plans." *Emard v. Hughes Aircraft Co.*, 153 F.3d 949, 958 (9th Cir.1998) (citing 29 U.S.C. § 1001 (Congressional findings and policy)) (emphasis added). It is consistent with this policy to permit suits against any party that "controls administration of a plan" or is legally responsible for the payment of ERISA benefits, as this circuit has implied in numerous cases permitting ERISA beneficiaries to sue plan administrators and third-party insurers. To leave an ERISA beneficiary such as Everhart without a remedy against the very party that has deprived her of her interest in her late husband's ERISA plan by refusing to pay the benefits she seeks to recover would be directly contrary to the stated policy of the statute.

Normally under state common law, insurers such as Allmerica can be sued by parties, such as Everhart, who qualify as third-party beneficiaries, *see Restatement (Second) of Contracts* § 302(1)(b) and comm. c, illustration 4, and § 304 (1979); 46A *C.J.S.* Insurance § 1520 et seq. In developing a federal common law to govern ERISA suits, courts are expected to "refer[ ] to [and] be[ ] guided by principles of state law." *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 (1984). *See also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). I would adopt the state common law regarding third party beneficiaries and incorporate it into federal common law for purposes of ERISA. The responsibilities owed by an insurer to the beneficiaries of the policies it sells should not be diminished simply because the policy at issue is a Plan's way of administering employee benefits. It would further the purposes of ERISA for participants and beneficiaries to be permitted to vindicate their claims against insurers under the statute and to recover from them the benefits they are owed.

There is no statutory prohibition in ERISA on suits against third-party insur-

ers, nor is there a provision in the statute limiting ERISA suits to those against plans as entities. There is, however, significant authority in our circuit permitting suits against third-party insurers. Allowing ERISA beneficiaries such as Everhart to vindicate their ERISA rights against those responsible for the resolution of claims and for the payment of benefits is consistent with the core purposes of the statute. Under these circumstances, were this panel free to decide the issue despite the intra-circuit split, I would hold that Everhart has standing to pursue her suit against Allmerica. In short, I would uphold her right to recover the benefits owed her as an ERISA beneficiary, as the statute intends.