Brian RAWLS; et al., Plaintiffs,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA; et al., Defendants.

No. CIV.01–10529 DDP.

United States District Court,
C.D. California.

Aug. 20, 2002.

Glenn R. Kantor, Corinne Chandler, Tracy Collins, Gruber & Kantor, Encino, CA, for Plaintiffs.

Gail E. Cohen, Misty A. Murray, Barger & Wolen, Los Angeles, CA, for Defendants.

## ORDER DENYING UNUM'S MOTION TO DISMISS PLAINTIFFS' THIRD CLAIM FOR INJUNCTIVE RELIEF IN THE SECOND AMENDED COMPLAINT

PREGERSON, District Judge.

This matter comes before the Court on the defendant Unum Life Insurance Company of America's ("UNUM") motion to dismiss, or in the alternative, to strike, the plaintiffs' third claim for injunctive relief in the Second Amended Complaint ("SAC").

### I. Background

The plaintiffs, Brian Rawls and Lynn Carroll, allege that they were participants in separate employee welfare benefit plans and were covered under group long-term disability insurance policies issued by the defendant, UNUM, to the plaintiffs' employers. Rawls was employed by the defendant Senn Delaney Leadership Consulting Group ("Senn Delaney") and Carroll was employed by Sebastiani Vineyards, Inc. ("Sebastiani"). (SAC ¶¶ 6, 17.)

The plaintiffs allege that they made separate claims to UNUM for long term disability insurance benefits, and the Senn Delaney Plan and Sebastiani Plan, through their claims administrator UNUM, erroneously and wrongfully denied the claims. The SAC alleges that the denial of the claims was accompanied by a letter informing the plaintiffs that any appeal must be received within 90 days. Subsequently, UNUM advised the plaintiffs that it would not consider the appeals of the denial of their claims because the appeals were not received within the 90–day period.

The plaintiffs claim that UNUM's refusal to consider their appeals violates *UNUM Life Insurance v. Ward*, 526 U.S. 358, 368, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), in that notice of appeal is part of the continuing process of the notice of claim, and UNUM is prohibited under California law from refusing to consider the insured's appeal on the ground that the appeal was untimely, absent a showing that the untimely submission of the appeal resulted in prejudice to UNUM. (SAC ¶¶ 14, 22.) Pursuant to 29 U.S.C. § 1132(a)(3), on behalf of the class, the plaintiffs seek an injunction against UNUM.

The plaintiffs also allege that the conduct of the Senn–Delaney and Sebastiani Plans, through their claims administrator UNUM, of wrongfully denying the plaintiffs' claims for benefits, constitutes a violation of the Plans and breach of contract. (SAC ¶¶ 15, 23.) Pursuant to 29 U.S.C. ¶ 1132(a)(1)(B), the plaintiffs individually seek to recover benefits from their Plans.

## II. Discussion

### A. Legal Standard

Dismissal under Rule 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Newman v. Universal Pictures,* 813 F.2d 1519, 1521–22 (9th Cir.1987). The court must view all allegations in the complaint in the light most favorable to the non-movant and must accept all material allegations—as well as any reasonable inferences to be drawn from them—as true. *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). .

### B. Analysis

1. *Plaintiffs' Request for an Injunction Against UNUM Is Not Equivalent to a Request for Benefits*

■ The plaintiffs have filed a claim for injunctive relief under 29 U.S.C. § 1132(a)(3), which permits a participant or beneficiary to file a claim for an injunction or "other appropriate equitable relief" to redress violations of ERISA or of a benefit plan. Specifically, the plaintiffs seek an injunction against UNUM requiring it to:

> (a) Re-open all claims that were denied on the basis that the appeal submitted on behalf of the claimant was untimely and to require UNUM to conduct a meaningful review of said claim in accordance with the requirements of ERISA and;
>
> (b) Refrain from continuing to engage in the unlawful conduct alleged herein.

(SAC at 8; Prayer ¶ 5.)

UNUM contends that the request for an injunction is improper because it is tantamount to a claim for benefits in violation of *Everhart v. Allmerica Financial Life Insurance Company,* 275 F.3d 751 (9th Cir. 2001). UNUM argues that the plaintiffs have not named the ERISA plans for the class members (although Rawls and Carroll have named their own plans), and seek equitable relief solely against UNUM. This Court has previously ruled that, under *Everhart,* the plaintiffs are precluded from seeking benefits on behalf of the class directly from UNUM. UNUM argues that the claim for injunctive relief against UNUM allegedly represents an improper attempt to circumvent the holding of *Everhart* and recover plan benefits from UNUM, albeit masked as a request for equitable relief.

UNUM contends that the plaintiffs' request for an injunction ordering UNUM to conduct an administrative review in accordance with ERISA is, in substance, a request for benefits because, if after an administrative review, UNUM determines that the claimant is entitled to benefits, then the responsible party—the plan or plan administrator—must pay. *See e.g., Leonhardt v. Holden Bus. Forms Co.,* 828 F.Supp. 657, 664 (D.Minn.1993) (finding injunction proper only against Plan because "if a final determination is eventually made. that [the plaintiff] is entitled to coverage under section 1132(a)(1)(B), the Plan will be responsible for paying for the treatment"). UNUM argues that, because the Court has already held that the plaintiffs may not seek benefits from UNUM (because UNUM is the third-party insurer (and claims administrator) and not the plan or plan administrator), the plaintiffs, claim for injunctive relief (substantively a request for benefits) is improper. In fact, UNUM contends, the plaintiffs may obtain benefits on behalf of the class only by filing suit under § 1132(a)(1)(B) and naming the class members' plans as parties.

The plaintiffs respond that the requested injunctive relief can in no way be characterized as an action for plan benefits because it seeks relief against UNUM as the claim administrator to compel it to

properly perform its plan duties, i.e. to conduct the appeal process. The injunction seeks an order requiring UNUM to re-open those appeals, which it allegedly wrongfully refused to consider, and to pro-hibit UNUM from engaging in this con-duct in the future. The plaintiffs distin-guish their request for a re-opening of the appeals process from a benefits determina-tion on several grounds: (1) requiring a claims administrator to complete an ERISA appeals process does not equal an award of benefits because UNUM may either show prejudice in the delay or up-hold its initial determination; and (2) the opportunity to complete the appeals pro-cess provides the plaintiffs with an oppor-tunity to rebut the adverse benefit decision of a claim administrator with evidence nec-essary to perfect the claim.

The plaintiffs allege that this procedural step is key because if the claimant ulti-mately files suit, the evidence before the Court will only consist of the Administra-tive Record, i.e. the claim file developed by the insurance carrier. Therefore, the de-privation of the right to appeal not only implicates the loss of benefits, but the preclusion of any further evidence in the Administrative Record to rebut the carri-er's position or support the claimed disabil-ity in subsequent proceedings. In short, the preservation of the integrity of the appeal process is a valuable distinct right under ERISA that is separate from just the benefits decision. Finally, it is argued, the fact that benefits may ultimately be awarded as a consequence of the appeal of some claims is not contrary to *Everhart.*

The plaintiffs also argue that actions under § 1132(a)(3) are not limited to actions only against the Plan. *Everhart,* 275 F.3d at 753 ("Liability under § 1132(a)(3) is not limited to the plan itself or its fiduciary.").

UNUM relies on *Leonhardt,* in which the plaintiff sought to enjoin the defen-dants (her employer, the plan, the plan administrator) from denying coverage for her proposed autologous bone marrow transplant. The court found that the re-quested injunction was substantively a re-quest for "benefits due" under § 1132(a)(1)(B), and therefore, only the Plan was the proper subject of the plain-tiff's proposed injunction. Similarly, UNUM cites *Hall v. Lhaco, Inc.,* 140 F.3d 1190, 1196 (8th Cir.1998) for the proposi-tion that an injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief re-quested. The plaintiffs distinguish *Leon-hardt* and *Hall* on the grounds that both of those cases involve plaintiffs who sought injunctions against the wrong party to compel the payment of benefits, which is not the case in this action.

UNUM argues that what the plaintiffs seek, "in the end," is benefits on behalf of the class.[1] However, at this stage in the proceedings, the Court is persuaded that the integrity of the appeal process (which the plaintiffs allegedly seek to enforce through the SAC) is a valuable distinct right under ERISA that is separate from just the benefits decision. Therefore, the Court finds that the plaintiffs' requested injunctive relief against UNUM is not sim-ply equivalent to a request for benefits.[2]

---

1. UNUM disputes that the plaintiffs' argu-ment that the full and complete administra-tive record generated by the appeal process is valuable to the plaintiffs, and distinct from a request for benefits. UNUM argues that the proper remedy if a request for review is im-properly rejected is to remand the claim for adjudication on the merits, at which time the administrative record can be supplemented.

See, e.g., *White v. Jacobs Eng'g Group Long Term Disability Benefit Plan,* 896 F.2d 344 (9th Cir.1989). Thus, the injury caused by the lack of an appeal review in the record is provided for under ERISA, and there is no basis for invoking the catchall provision un-der § 1132(a)(3).

2. UNUM argues that the ERISA regulations specifically provide that the purpose of an

The plaintiffs seek equitable relief against UNUM, and their request is not violative of *Everhart*.

### a. *No Injunction For Benefits Is Available Under Section 1132(a)(3)*

■ Next, UNUM contends, setting aside that the class may not obtain benefits from UNUM, an injunction from benefits is not available under § 1132(a)(3). *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003 (9th Cir.1998); *FMC Med. Plan v. Owens*, 122 F.3d 1258, 1262 (9th Cir. 1997) ("[w]hen the substance of the relief is monetary ... such a remedy is not available under section 1132(a)(3)"). The plaintiffs' request for injunctive relief is essentially a request for plan benefits, and therefore is improper.

The plaintiffs contend that an action for equitable relief may be brought against a plan fiduciary, and this action is expressly sanctioned by *Varity Corporation v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), which held that a participant may bring an action against a plan fiduciary for breach of fiduciary obligations, where no other relief is available.

The Court finds that the plaintiffs' request for an injunction is not a request for monetary relief, and that the defendants' authorities are inapposite for that reason. For example, in *Mertens*, the Supreme Court stated that: "[a]lthough they often dance around the word, what petitioners in fact seek is nothing other than compensatory *damages* —monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties." 508 U.S. at 255, 113 S.Ct. 2063 (emphasis in original). In this case, the plaintiffs have persuasively distinguished the relief sought from the monetary relief sought by the petitioners in *Mertens*.

### b. *Plaintiffs Have No Adequate Remedy At Law*

■ Finally, UNUM argues, the plaintiffs have an available remedy at law—i.e. to file a suit for benefits under § 1132(a)(1) against the plan (as the named plaintiffs in this case have already done). Therefore, the plaintiffs are precluded from bringing suit under section 1132(a)(3). *Varity Corp.*, 516 U.S. at 512, 116 S.Ct. 1065; *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir.1997); *Bowles v. Reade*, 198 F.3d 752, 759 (9th Cir.1999).

The plaintiffs argue that they have no adequate remedy at law. The plaintiffs argue that UNUM's denial of their opportunity to appeal has caused them to lose valuable rights because they are now unable to rebut the initial administrative decision denying their claims. As discussed above, the inability to submit additional evidence in the Administrative Record means that their subsequent civil action for benefits will also be compromised because the trial evidence in an ERISA benefits action is limited to the insurer's administrative record. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1091 (9th Cir.1999) ("in most cases," only the evidence that was before the plan administrator should be considered). In short, the injury caused by depriving plaintiffs of the opportunity to appeal is not limited to a lack of benefits decision but also deprives plan participants of the opportunity to include favorable evidence within the administrative record. A benefits action cannot cure this deficiency because the Administrative Record will consist of only the one-sided materials developed by the insurer.

The Court finds that there is no adequate remedy at law to cure this defect and the plaintiffs' request for injunctive relief is therefore proper at this stage.

administrative review is to make a benefits determination.

### 2. The Class Allegations

The SAC names the plans in which the plaintiffs Brian Rawls and Lynn Carroll were participants and from which they seek additional benefits (the Senn Delaney and Sebastiani Plans). However, the SAC does not name any of the plans of the other purported class members. Therefore, UNUM argues, the plaintiffs' claim for benefits on behalf of the class against UNUM is improper under *Everhart* and should be dismissed.

In this action, the plaintiffs seek to represent the following class of people:

[I]ndividuals who were insured under ERISA plans who were or are funded by UNUM Group Long Term Disability Policies, in which UNUM acted as a claim fiduciary and who reside in a state which has adopted the common law insurance doctrine of Notice/Prejudice as it relates to the submission of Proofs of Claim or Proofs of Loss, whose Long Term Disability Claims were denied by UNUM, and whose on going claims or appeals were rejected by UNUM on the ground that they were not submitted within the time period prescribed by UNUM.

(SAC ¶ 28.)

UNUM argues that the plaintiffs lack standing to seek additional benefits on behalf of participants or beneficiaries of plans in which they are not also a participant or beneficiary. *Lee v. Prudential Ins. Co. of Am.*, 673 F.Supp. 998 (N.D.Cal. 1987). With respect to standing requirements under ERISA, § 1132 provides:

A civil action may be brought—

(1) by a participant or beneficiary—

... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

The plaintiffs respond that they are not seeking benefits against plans other than their own. Instead, the plaintiffs seek "other equitable relief" under § 1132(a)(3), which provides, in relevant part:

A civil action may be brought—

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations....

29 U.S.C. § 1132(a)(3).

According to the plaintiffs, there is no limiting language in § 1132(a)(3) which restricts a participant in bringing an action for "other equitable relief" to challenge general claims practices. Therefore, the standing restrictions of § 1132(a)(1)(B) have no application to an action brought under 1132(a)(3). *See e.g., Fallick v. Nationwide Mut. Ins. Cor.*, 162 F.3d 410 (6th Cir.1998) (individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of plaintiff's challenge is to general practice which affects all plans). In this case, the plaintiffs allege that they and others similarly situated were denied their ERISA and state law rights because of UNUM's general practice of refusing to hear appeals in violation of the notice/prejudice rule.

■ The Court finds that the SAC alleges that the plaintiff class has sustained the requisite injury (denial of appeal rights by UNUM as the claim administrator on grounds that the appeals were not timely submitted), and that there is no limitation under § 1132(a)(3) requiring plaintiffs to

sue for equitable relief against only their Plans.

## III. Conclusion

For the reasons stated above, the Court denies the motion to dismiss the SAC.

IT IS SO ORDERED.