Ronnie J. SIMON, Plaintiff—Appellant,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA; Schlumberger Technology, Inc.; Schlumberger Group Health Care Plan; Schlumberger Long Term Disability Plan, Defendants—Appellees.

No. 03–55829.

D.C. No. CV–03–00457–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Jan. 29, 2004.

Ronnie J. Simon, pro se, Lancaster, CA, for Plaintiff–Appellant.

Carolyn A. Knox, Seyfarth Shaw, San Francisco, CA, Richard J.L. Nelson, Nelson & Herlin, Walnut Creek, CA, for Defendants–Appellees.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

**MEMORANDUM****

Ronnie Simon brought this pro se ERISA action against his employer, Schlumberger Technologies, Inc. ("Schlumberger"), the Schlumberger employee benefit plans ("plans"), and the claims administrator for those plans, Life Insurance Company of North America ("LINA"). The district court properly dismissed the action against Schlumberger and LINA. Only plan administrators are required to provide documents upon the request of a participant. *See Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 298–99 (9th Cir.1989). Similarly, only plan administrators and plans can be sued to recover benefits. *See Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 753–54 (9th Cir.2001); *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir.1990). Although equity claims can be asserted against fiduciaries, LINA acted solely as a claims administrator and not as a fiduciary. *See Kyle Rys., Inc. v. Pacific Admin. Servs, Inc.*, 990 F.2d 513, 517–18 (9th Cir.1993). We reject Simon's argument that he should have been permitted to amend his complaint—no amendment would state a cause of action against Schlumberger or LINA. *See id.* at 518.

The district court also dismissed Simon's claims against the benefit plans because he failed to exhaust his administrative remedies. Simon argues he should be excused from exhausting those remedies because the plans are inadequate and fail to provide a meaningful review process. We agree with the district court that the administrative review procedures provided

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

by the benefit plans are not unreasonable or inadequate. Simon is therefore required to exhaust his administrative remedies before bringing his ERISA claims to federal court. *See Diaz v. United Agric. Employee Welfare Benefit Plan,* 50 F.3d 1478, 1483 (9th Cir.1995).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.