Daniel KNISLEY, Plaintiff,

v.

ADVANCIA CORPORATION DISABIL-
ITY BENEFITS PLAN; Advancia
Corporation; Guardian Life Insur-
ance Company of America, Defen-
dants.

No. A04–0081 CV (RRB).

United States District Court,
D. Alaska.

March 29, 2005.

### ORDER REGARDING SUMMARY JUDGMENT MOTIONS

BEISTLINE, District Judge.

## I. INTRODUCTION

Before the Court are cross-motions for summary judgment. Defendant Guardian Life Insurance Company of America ("Defendant") argues summary judgment is appropriate because its decision to deny long term disability benefits to Plaintiff Daniel Knisley ("Plaintiff") was consistent with the terms of its long-term disability plan. In addition, Defendant argues it is an improper party re Plaintiff's Summary Plan Description ("SPD") cause of action because Defendant is not the long term disability benefits plan administrator. Plaintiff opposes and contends summary judgment should be granted in his favor because he was not provided with critical "information about [an applicable] exclusion as required under ERISA statutes and regulations, and [because he was further] misled ... as to any requirements [that] he had to work a few more days ... in order to qualify for [long term] disability benefits." [1] Plaintiff's arguments are misplaced.

## II. FACTS

"This is an action to enforce the terms of a Disability Benefits Plan, under [the Employee Retirement Income Security Act (ERISA) ] 502(a)(1)(B) and for other equitable and statutory relief under [29 U.S.C. § 1132(a)(1 & 3)], (c) and (d)(2)." [2]

Generally speaking, Advancia Corporation provided its employees with a Disability Benefits Plan (the "Plan") through Defendant. The Plan has a pre-existing condition exclusion which stipulates: "[n]o benefits are payable for *disability* due to a pre-existing condition, unless the *disability* starts after you complete at least one full day of *active work* after the date you are insured under this *plan* for 12 months in a row." [3]

Plaintiff worked for Advancia Corporation from January 7, 2002, to December 31, 2002, "when he took a medical leave of absence due to kidney failure...." [4] "After December 31, 2002, ... Plaintiff applied for and received short term disability benefits ... for 12 weeks...." [5] On or about April 7, 2003, Plaintiff was advised that he was being considered for long term disability benefits. Plaintiff resigned on April 18, 2003. "On May 7, 2003, [Defendant] declined [l]ong [t]erm [d]isability [b]enefits to Plaintiff on the grounds that he had a preexisting kidney condition ... prior to being employed at Advancia and had not worked continuously for 12 months in a row." [6] Following an unsuccessful administrative appeal and an exhaustion of his administrative remedies, Plaintiff seeks relief in this Court.

## III. STANDARD OF REVIEW

### A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment

---

1. Clerk's Docket No. 21 at 2.

2. *Id.* at 1.

3. Clerk's Docket No. 16 at 3 (*citing* Guardian Your Group Insurance Plan Benefits, Ex. A at 3)(emphasis added).

4. Clerk's Docket No. 21 at 1.

5. *Id.* at 4.

6. *Id.* at 5 (citation omitted).

as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[7] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[8] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[9] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[10] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[11]

### B. Abuse of Discretion [12]

■ "Where an ERISA plan vests the administrator with discretionary authority to determine benefit eligibility, 'a district court may review the administrator's determinations only for an abuse of discretion.'"[13] Under the abuse of discretion standard, the Court will only set aside the decision of the administrator or fiduciary "when it is arbitrary and capricious."[14] In short, the decision to deny coverage must be "clearly erroneous"[15] in order for the Court to overturn the decision of the administrator or fiduciary.

## IV. DISCUSSION

■ In accordance with *Everhart v. Allmerica Financial Life Ins. Co.*, 275 F.3d 751, 754 (9th Cir.2001)(plan participants "may not sue the plan's insurer for additional ERISA plan benefits"), the Court concludes summary judgment for Defendant is appropriate on Plaintiff's 1132(a)(1)(B) action for benefits.

■ Summary judgment is also appropriate on Plaintiff's SPD action because Defendant is neither the Plan's administrator (Docket No. 37 at 4) nor the Plan's sponsor, and therefore not a proper party.[16]

■ The Court further concludes summary judgment is appropriate on Plaintiff's fiduciary duty claim under 1132(a)(3) because Plaintiff has failed to adequately state a claim upon which relief may be granted.

The record reveals Defendant made no misrepresentations to Plaintiff. On the

---

7. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

8. *Id.* at 323–325, 106 S.Ct. 2548.

9. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–9, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

10. *Id.* at 255, 106 S.Ct. 2505.

11. *Id.* at 248–49, 106 S.Ct. 2505.

12. The Court previously concluded the "correct standard of review for [Defendant's] decision concerning plan benefits is 'abuse of discretion.'" Clerk's Docket No. 37 at 4 (footnote omitted). Notwithstanding, even if a *de novo* review were appropriate, which it is not, the Court concludes "summary judgment would still be proper because [Plaintiff] clear-

ly does not qualify for [long term disability] benefits [in accordance with] the terms of the Plan." Clerk's Docket No. 29 at 11.

13. *Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 552 (9th Cir.1995)(*citing Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1471 (9th Cir.1993)).

14. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 875 (9th Cir. 2004).

15. *Id.* (citation omitted).

16. *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299–300 (9th Cir.1989)("Because [Defendant] was not designated as plan administrator in the [Plan] and is not the plan sponsor, it is not liable under [ERISA].").

contrary, Defendant specifically informed Advancia, "the plan administrator, of the pre-existing condition exception and that Plaintiff's medical records indicated he had a pre-existing condition." [17] That Advancia representatives did not adequately relay the same to Plaintiff does not alter the terms of the Plan.[18] Moreover, the record further reveals Defendant "complied with all of the procedural requirements to determine benefits and gave [Plaintiff] a full opportunity to present evidence and appeal its benefit decision." [19]

■ Defendant's decision to deny Plaintiff long term disability benefits was consistent with the terms of the Plan. Indeed, the Court concludes Defendant rightfully declined long term disability benefits to Plaintiff on two grounds, i.e., Plaintiff "had a preexisting kidney condition ... prior to being employed at Advancia *and* had not worked continuously for 12 months in a row." [20]

## V. CONCLUSION

In accordance with the Court's findings herein, Defendant's Motion for Summary Judgment (Docket No. 16) is hereby **GRANTED**. Plaintiff's Cross Motion for Summary Judgment (Docket No. 21) is hereby **DENIED**.

Inasmuch as a claim against the Plan for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) remains, a status conference shall be held on **April 28, 2005, at 9:30 a.m.**, to determine how the remaining parties intend to proceed in this matter.

---

**17.** Clerk's Docket No. 29 at 21 (citation omitted).

**18.** *General American Life Ins. Co. v. Castonguay*, 53 F.3d 1078, 1079–80 (9th Cir.1995).

**19.** Clerk's Docket No. 29 at 21–22 (footnote omitted).

**20.** Clerk's Docket No. 21 at 5 (citation omitted).