**Gavin M. GRIFFITH, Plaintiff— Appellant,**

v.

**SUN LIFE ASSURANCE CO. OF CANADA, a Canadian corporation, Defendant—Appellee.**

**No. 03–17121.**
**D.C. No. CV–01–01095–PGR.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2005.*

Decided June 17, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

**9**

Frederick C. Berry, Jr., Law Office of Frederick C. Berry Jr., Brendan Norbert Mahoney, Bonn & Wilkins, Phoenix, AZ, for Plaintiff–Appellant.

William Demlong, Kunz Plitt Hyland Demlong & Kleifield, P.C., Phoenix, AZ, David Cabrales, William Scott Hastings, Locke Liddell & Sapp LLP, Dallas, TX, for Defendant–Appellee.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM**

Plaintiff–Appellant Gavin Griffith appeals from an order granting a motion for summary judgment filed by defendant-appellee Sun Life Assurance Company of Canada ("Sun Life"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the grant of summary judgment *de novo* and must determine, after viewing the evidence in the light most favorable to the non-moving party, whether the district court correctly applied the relevant substantive law and whether any genuine issues of material fact exist for trial. *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1079 (9th Cir.2005). This court also reviews *de novo* the district court's interpretation of ERISA. *Id.; Everhart v. Allmerica Financial Life Ins. Co.*, 275 F.3d 751, 753 (9th Cir.2001).

Where, as here, a defendant moves for summary judgment based on the absence of evidence of an element essential to the plaintiff's case, the burden is on the plaintiff to offer some evidence creating a genuine issue of material fact as to that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322—24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Seeking ERISA benefits, Griffith sued Sun Life under 29 U.S.C. § 1132(a)(1)(B), which requires that the defendant be either the plan sponsor or the plan administrator. Griffith admits that his employer HSC Hospitality, Inc., not Sun Life, was the plan sponsor. Griffith also admits Sun Life was "not designated in the policy as an ERISA administrator pursuant to 29

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1002(16)...." Instead, Griffith argues that because Sun Life "handled all aspects of enrollment, claim processing, and other tasks an administrator typically is responsible for," it was the *de facto* plan administrator and is therefore a proper defendant. This court has already rejected Griffith's argument. *See Ford,* 399 F.3d at 1081—82; *Everhart,* 275 F.3d at 754 n. 3; *see also* 29 U.S.C. § 1002(16).

**AFFIRMED.**